Stephen L. Simonton (WY 4-1063)
STEPHEN L. SIMONTON, P.C.
1222 11th Street
Cody, Wyoming 82414
Telephone: (307) 587-7010
Facsimile: (307) 587-2746

Shanon J. Carson (PA 85957)
Sarah R. Schalman-Bergen (PA 206211)
Alexandra L. Koropey (PA 315240)
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3063
Facsimile: (215) 875-4604

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| GURNEY D. SMITH, individually and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SCIENTIFIC DRILLING INTERNATIONAL, INC.<br><br>Defendant. | Civil Action No. 14-CV-17 |

### CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff Gurney D. Smith ("Plaintiff" or "Mr. Smith"), through his undersigned counsel, individually and on behalf of all persons similarly situated, files this Complaint against

Defendant Scientific Drilling International, Inc. ("Defendant" or "Scientific Drilling"), seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), and the laws of the states of North Dakota and Wyoming. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## JURISDICTION AND VENUE

1. Jurisdiction over Plaintiff's FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims because those claims derive from a common nucleus of operative facts.

3. Venue in this Court is proper pursuant to 28 U.S.C. § 1391. Plaintiff is a resident of this judicial district; a substantial part of the events giving rise to Plaintiff's claim occurred within this judicial district; and Defendant does business within this judicial district.

## PARTIES

4. Plaintiff Gurney D. Smith is an individual currently residing in Green River, Wyoming. He worked for Defendant in Casper, Wyoming and in New Town, North Dakota from September 2013 to January 2014, and, pursuant to 29 U.S.C. § 216(b), has consented in writing to being a Plaintiff in this action (attached hereto as Exhibit "1"). Plaintiff was employed as a Measurement While Drilling Hand Technician ("MWD") with Defendant, performing manual labor on oil and gas rigs.

5. Defendant Scientific Drilling International, Inc. is incorporated in Texas and

maintains its headquarters in Houston, Texas. Defendant operates throughout the United States and abroad, including in this judicial district.

6. Scientific Drilling is an independent service provider that provides drilling and navigation services to the oil and gas, mining, and geothermal industries.

7. Defendant Scientific Drilling employed Plaintiff and continues to employ similarly situated employees.

8. Defendant Scientific Drilling employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-207.

9. Scientific Drilling's annual gross revenues exceed $500,000.

10. Scientific Drilling is not an independently owned and controlled local enterprise within the meaning of 29 U.S.C. § 207(b)(3).

## CLASS DEFINITIONS

11. Plaintiff brings Count I of this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of himself and the following class of potential FLSA opt-in plaintiffs:

> All current or former employees of Scientific Drilling International, Inc. ("Scientific Drilling") who performed work for Scientific Drilling in the United States at any time between January 23, 2011 and the present, and who were paid pursuant to a combination of salary plus day rate (also known as "day rate land" or "field bonus") (the "FLSA Class").

12. Plaintiff brings Counts II and III of this lawsuit as a class action pursuant to FED. R. CIV. P. 23, on behalf of himself and the following class:

> All current or former employees of Scientific Drilling International, Inc. ("Scientific Drilling") who worked in North Dakota at any time between January 23, 2012 and the present, and who were paid pursuant to a combination of salary plus day rate (also known as "day rate land" or "field bonus") (the "North Dakota Class").

13. Plaintiff brings Count IV of this lawsuit as a class action pursuant to FED. R. CIV. P. 23, on behalf of himself and the following class:

> All current or former employees of Scientific Drilling International, Inc. ("Scientific Drilling") who worked in Wyoming at any time between January 23, 2010 and the present, and who were paid pursuant to a combination of salary plus day rate (also known as "day rate land" or "field bonus") (the "Wyoming Class").

14. The FLSA Class, North Dakota Class and Wyoming Class are together referred to herein as the "Classes."

15. Plaintiff reserves the right to redefine the Classes prior to filing his motion for notice or for class certification, and thereafter, as necessary.

## FACTS

16. From September 2013 through January 2014, Plaintiff was employed as a MWD Hand Technician with Defendant in Casper, Wyoming and New Town, North Dakota.

17. Plaintiff and the Classes are primarily engaged in manual labor duties such as handling, guiding and maintaining oil and gas drilling equipment.

18. The rigs on which Plaintiff and the Classes work are not used as a means of transportation.

19. Plaintiff and the Classes are classified as non-exempt from the overtime pay mandates of the FLSA.

20. Defendant's employee handbook provides that "[n]on-exempt employees are

4

eligible to receive overtime pay in accordance with state and federal wage and hour laws."

21. Notwithstanding what is set forth as an explicit term and condition of employment as set forth in its handbook, Defendant has a policy or practice of failing to properly compensate Plaintiff and the Classes for all overtime hours worked.

22. Plaintiff and the Classes are paid a fixed salary per week, regardless of the number of hours worked each week.

23. In addition, Plaintiff and the Classes are paid a lump sum for each day they work in the field. This lump sum is known as a "day rate," "day rate land," or "field bonus."

24. Plaintiff and the Classes are also eligible to receive and do receive additional payments, such as car allowances, bonuses, and incentive payments.

25. Defendant does not maintain records of the hours that Plaintiff and the Classes worked each workday and the total hours worked each workweek as required by the FLSA. *See* 29 C.F.R. § 516.2(a)(7).

26. Plaintiff and the Classes routinely work in excess of forty hours per week each week.

27. Plaintiff and the Classes do not work a regular fixed number of hours in excess of forty hours each workweek.

28. Specifically, Plaintiff estimates that he worked in excess of twelve hours per day, and he often worked shifts in excess of sixteen and eighteen hours per day. Plaintiff observed that the members of the Classes routinely work the same schedule, which is common in the industry.

29. Plaintiff and the Classes typically work a schedule of twenty days on and ten days off.

30. Plaintiff and the Classes do not work the same number of days per week, or the same number of overtime hours (hours over forty) per week.

31. Neither the day rate nor the salary take into account the number of hours worked by Plaintiff and the Classes in a given workweek.

32. Neither the day rate nor the salary are determined with reference to any assigned hourly rate.

33. Defendant did not pay Plaintiff and the Classes overtime compensation for hours worked over forty per workweek.

## COLLECTIVE ACTION ALLEGATIONS

34. Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Class, as described above.

35. Plaintiff desires to pursue his FLSA claims on behalf of any individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

36. Plaintiff and the Class are "similarly situated," as that term is used in 29 U.S.C. § 216(b), because, *inter alia*, all such individuals currently work or have worked pursuant to Defendant's previously described common business practices and, as a result of such practices, have not been paid the full and legally mandated overtime premium for hours worked over forty during the workweek. Resolution of this action requires inquiry into common facts, including, *inter alia*, Defendant's common compensation, timekeeping and payroll practices.

37. Specifically, Defendant paid Plaintiff and the FLSA Class a set salary per week, plus a lump sum payment for every day they worked in the field, regardless of the number of hours worked.

38. Defendant paid Plaintiff and the FLSA Class these payments, even though Plaintiff and the FLSA Class do not work a fixed regular number of hours in excess of forty hours each work week.

39. The fixed sum paid to Plaintiff and the FLSA Class by Defendant is not related to any overtime rate calculated from salary payments.

40. The similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records. Defendant employs many FLSA Class Members throughout the United States. These similarly situated employees may be readily notified of this action through direct U.S. mail and/or other means, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

41. Plaintiff also brings this action as a class action pursuant to FED. R. CIV. P. 23 on behalf of himself and the North Dakota Class and Wyoming Class, as defined above.

42. The members of the North Dakota Class and Wyoming Class are so numerous that joinder of all members is impracticable. Based on information and belief, the number of North Dakota Class and Wyoming Class Members each exceed fifty individuals.

43. Plaintiff will fairly and adequately represent and protect the interests of the North Dakota Class and Wyoming Class because there is no conflict between the claims of Plaintiff and those of these Classes, and Plaintiff's claims are typical of the claims of the North Dakota Class and Wyoming Class, respectively. Plaintiff's counsel are competent and experienced in litigating class actions and other complex litigation matters, including wage and hour cases like this one.

44. There are questions of law and fact common to the proposed North Dakota Class and Wyoming Class, which predominate over any questions affecting only individual Class members, including, without limitation: whether Defendant has violated and continues to violate North Dakota or Wyoming law through its policy or practice of not paying its non-exempt employees overtime compensation; whether Defendant's conduct was willful; and the nature and extent of relief.

45. Plaintiff's claims are typical of the claims of the North Dakota Class and Wyoming Class in the following ways: 1) Plaintiff is a member of each of these Classes; 2) Plaintiff's claims arise out of the same policies, practices and course of conduct that form the basis of the claims of the North Dakota Class and Wyoming Class; 3) Plaintiff's claims are based on the same legal and remedial theories as those of the North Dakota Class and Wyoming Class and involve similar factual circumstances; 4) there are no conflicts between the interests of Plaintiff and the members of the North Dakota Class and Wyoming Class; and 5) the injuries suffered by Plaintiff are similar to the injuries suffered by members of the North Dakota Class and Wyoming Class.

46. Class certification is appropriate under FED. R. CIV. P. 23(b)(3) because questions of law and fact common to the North Dakota Class and Wyoming Class predominate over any questions affecting only individual Class members.

47. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expenses that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The North Dakota and Wyoming Classes are readily identifiable from Defendant's own employment records. Prosecution of separate actions by individual members of the North Dakota Class and Wyoming Class would create the risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for Defendant.

48. A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical. Furthermore, the amounts at stake for many members of the North Dakota Class and Wyoming Class, while substantial, are not great enough to enable them to maintain separate suits against Defendant.

49. Without a class action, Defendant will likely retain the benefit of its wrongdoing, which will result in further damages to Plaintiff and the North Dakota Class and Wyoming Class. Plaintiff envisions no difficulty in the management of this action as a class action, and similar

cases have proceeded as class actions without difficulty.

## COUNT I
## Violation of the FLSA
## (On Behalf of the FLSA Class)

50. All previous paragraphs are incorporated as though fully set forth herein.

51. The FLSA requires that covered employees be compensated for all hours worked in excess of forty hours per week at a rate not less than one and one-half times the regular rate at which he is employed. *See* 29 U.S.C. § 207(a)(1).

52. The FLSA provides that, if an employee is paid a flat sum for a day's work or for doing a particular job, and if he receives no other form of compensation for services, the employee is entitled to extra half-time pay at his regular rate for all hours worked in excess of forty in the workweek. *See* 29 C.F.R. § 778.112.

53. The FLSA also provides that "a lump sum which is paid for work performed during overtime hours without regard to the number of hours worked does not qualify as an overtime premium even though the amount of money may be equal to or greater than the sum owed on a per hour basis." 29 C.F.R. § 778.310.

54. Defendant's compensation scheme applicable to Plaintiff and the FLSA Class fails to comply with either 29 U.S.C. § 207(a)(1), 29 C.F.R. § 778.112, or 29 C.F.R. § 778.310.

55. Defendant knowingly fails to compensate Plaintiff and the FLSA Class at a rate of one and one-half times their regular hourly wage for hours worked in excess of forty hours per week, in violation of 29 U.S.C. § 207(a)(1).

56. During all relevant times, Plaintiff and the FLSA Class were covered employees

entitled to the above-described FLSA protections.

57.     In violating the FLSA, Defendant has acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## COUNT II
### Violation of North Dakota Wage Laws
### (On behalf of the North Dakota Class)

58.     All previous paragraphs are incorporated as though fully set forth herein.

59.     Title 34 of the North Dakota Century Code and its implementing regulations ("North Dakota Wage Laws") require that employees be compensated for all hours worked in excess of forty hours per week at a rate not less than one and one-half times the regular rate at which he is employed. *See* N.D. Cent. Code § 34-06-02; N.D. Admin. Code § 46-02-07-02(4).

60.     The North Dakota Wage Laws also provide that, if an employee is paid a flat sum for a day's work, and if he receives no other form of compensation for services, the employee is entitled to extra half-time pay at his regular rate for all hours worked in excess of forty in the workweek. *See* N.D. Admin. Code § 46-03-01-01(5).

61.     Defendant's compensation scheme applicable to Plaintiff and the North Dakota Class failed to comply with either N.D. Admin. Code § 46-02-07-02(4) or N.D. Admin. Code § 46-03-01-01(5).

62.     Defendant knowingly failed to compensate Plaintiff and the North Dakota Class at a rate of one and one-half times their regular hourly wage for hours worked in excess of forty hours per week, in violation of N.D. Admin. Code § 46-02-07-02(4) and N.D. Admin. Code § 46-03-01-01(5).

63.     During all relevant times, Plaintiff and the North Dakota Class were covered employees entitled to the above-described North Dakota Wage Laws' protections.

64.     In violating the North Dakota Wage Laws, Defendant acted willfully and with reckless disregard of clearly applicable provisions of the North Dakota Wage Laws.

### COUNT III
### Unjust Enrichment Under North Dakota Law
### (On Behalf of the North Dakota Class)

65.     All previous paragraphs are incorporated as though fully set forth herein.

66.     Defendant has received and benefited from the uncompensated labors of Plaintiff and the North Dakota Class, such that to retain said benefit without compensation would be inequitable and rise to the level of unjust enrichment.

67.     At all relevant times hereto, Defendant devised and implemented a plan to increase its earnings and profits by fostering a scheme of securing work from Plaintiff and the North Dakota Class without paying overtime compensation for all hours worked.

68.     Contrary to all good faith and fair dealing, Defendant induced Plaintiff and the North Dakota Class to perform work while failing to pay overtime compensation for all hours worked as required by law.

69.     By reason of having secured the work and efforts of Plaintiff and the North Dakota Class without paying overtime compensation as required by law, Defendant enjoyed reduced overhead with respect to their labor costs, and therefore realized additional earnings and profits to its own benefit and to the detriment of Plaintiff and the North Dakota Class.

70.     Defendant retained and continues to retain such benefits contrary to the

fundamental principles of justice, equity, and good conscience.

71. Accordingly, Plaintiff and the North Dakota Class are entitled to judgment in an amount equal to the benefits unjustly retained by Defendant.

## COUNT IV
## Unjust Enrichment Under Wyoming Law
## (On Behalf of the Wyoming Class)

72. All previous paragraphs are incorporated as though fully set forth herein.

73. Defendant has received and benefited from the uncompensated, valuable labors of Plaintiff and the Wyoming Class, such that to retain said benefit without compensation would be inequitable and rise to the level of unjust enrichment.

74. At all relevant times hereto, Defendant accepted, used, and enjoyed the valuable services of Plaintiff and the Wyoming Class.

75. The circumstances described in this Complaint reasonably notified Defendant that it was expected to properly compensate Plaintiff and the Wyoming Class for the overtime hours that they worked.

76. Defendant knowingly withheld payment from Plaintiff and the Wyoming Class by devising and implementing a plan to increase its earnings and profits by securing work from Plaintiff and the Wyoming Class without paying overtime compensation for all hours worked.

77. By reason of having secured the work and efforts of Plaintiff and the Wyoming Class without paying overtime compensation as required by law, Defendant enjoyed reduced overhead with respect to their labor costs, and therefore realized additional earnings and profits to its own benefit and to the detriment of Plaintiff and the Wyoming Class.

78. Defendant retained and continues to retain such benefits contrary to the fundamental principles of justice, equity, and good conscience.

79. Accordingly, Plaintiff and the Wyoming Class are entitled to judgment in an amount equal to the benefits unjustly retained by Defendant.

## PRAYER FOR RELIEF

Wherefore, Plaintiff seeks the following relief on behalf of himself and all others similarly situated:

A. An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B. Authorizing prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to be sent to all potential Class members;

C. An order permitting this litigation to proceed as a class action pursuant to FED. R. CIV. P. 23 on behalf of the North Dakota Class;

D. An order permitting this litigation to proceed as a class action pursuant to FED. R. CIV. P. 23 on behalf of the Wyoming Class;

E. Back pay damages (including unpaid overtime compensation, unpaid spread of hours payments, and unpaid wages) and prejudgment interest to the fullest extent permitted under the law;

E. Liquidated and statutory damages to the fullest extent permitted under the law;

F. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

G. Such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury for all issues of fact.

Dated:  January 23, 2014

Respectfully submitted,

*/s/ Stephen L. Simonton*

Stephen L. Simonton
Wyo. Bar No. 4-1063
Stephen L. Simonton, PC
1222 - 11th Street
Cody, Wyoming 82414
Telephone: (307) 587-7010
Facsimile: (307) 587-2746
Email: office@simontonlaw.com

Shanon J. Carson (PA 85957)
Sarah R. Schalman-Bergen (PA 206211)
Alexandra L. Koropey (PA 315240)
BERGER & MONTAGUE, P.C
1622 Locust Street
Philadelphia, PA  19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604
Email: scarson@bm.net
          sschalman-bergen@bm.net
          akoropey@bm.net

David A. Hughes (ASB-3923-U82D)
HARDIN & HUGHES, LLP
2121 14th Street
Tuscaloosa, AL 35401
Telephone: (205) 344-6690
Facsimile: (205) 344-6188
Email: dhughes@hardinhughes.com

*Attorneys for Plaintiff*

15